## In re TEXAS CO. et al.

## CALIFORNIA TEXAS OIL CO. et al. v. KIRKLAND et al.

### Misc. No. 346.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 15, 1952.

Decided Oct. 21, 1952.

Writ of Certiorari Denied Dec. 15, 1952.
See 73 S.Ct. 283.

2. We do not reach, or imply any opinion on, any constitutional issue.

3. Beail v. District of Columbia, D.C.Mun. App.1951, 82 A.2d 765.

George S. Leisure, of the Bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of Court, with whom Breck P. McAllister, New York City, was on the brief, for petitioner Socony-Vacuum Oil Co., Inc.

S. A. L. Morgan, of the Bar of the Supreme Court of Texas, Amarillo, Tex., pro hac vice, by special leave of Court, with whom John J. Wilson, Washington, D. C., was on the brief, for petitioner Texas Co.

Leo T. Kissam, New York City, with whom Lloyd N. Cutler, Washington, D. C., was on the brief, for petitioner California Texas Oil Co.

John T. Cahill, of the Bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of Court, with whom John F. Sonnett, New York City, was on the brief, for petitioner Standard Oil Co. of California.

B. Howell Hill, Jr., New York City, was on the brief for petitioner Arabian American Oil Co.

Leonard J. Emmerglick, Sp.Asst. to Atty. Gen., for respondents.

. Before EDGERTON, PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

We state briefly, without elaboration, the considerations which underlie our ruling.

This matter is before us upon a petition for writ of *mandamus*. The District Court declined to discharge the grand jury or to transfer the case to the Southern District of New York. Petitioners ask that we compel one or the other of those two steps. Matters either within the realm of policy in the Department of Justice or within the ambit of the District Court's discretion are not for us in such a proceeding.

A special grand jury was convened in the District of Columbia to investigate alleged world arrangements in respect to the production, etc., of petroleum in possible violation of the antitrust laws. Subpoenas *duces tecum* were served upon petitioners, among others. Motions to quash the subpoenas have been made but have not been acted upon, and so the merits of those motions are not before us. No indictment has been returned; in fact the grand jury investigation has just begun. Petitioners ask that this grand jury be discharged without prejudice to the institution of proceedings in New York if the Attorney General be so advised. In the alternative they ask transfer to New York.

Petitioners rest principally upon the following:

1. Fourteen of the twenty-three grand jurors are Government employees.

2. Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.

3. The Federal Constitution, Art. III, § 2, Cl. 3, requires that a criminal trial be held in the state where the crime was committed.

I. Petitioners say that the Government has a direct monetary interest in these proceedings, since it is suing petitioners and others for $67,000,000 in a civil action in the Southern District of New York. They say that eight of the grand jurors are employed by Departments which have a direct interest in oil on the world market. They say that these facts show that Government employees on a grand jury will be biased. They say it is grossly improper for the Government to present the matter to a grand jury in the one federal district where it can be sure that its own employees will dominate the grand jury. In New York such employees are not eligible grand jurors.[1] Hence, petitioners say, the interests of justice require transfer of the proceedings. They say they do not contend that an indictment returned by this grand jury will necessarily be unconstitutional or otherwise illegal.

The Government points to the Wood,[2] Frazier[3] and Dennis[4] cases as establishing that Government employees are eligible grand jurors. It says that the civil action in New York is unrelated to the antitrust laws, or to alleged conspiracy; that the basis for that action is alleged overpayment, as measured by statutory limitations on price, by the Government to the companies for oil purchased.

 If Government employees are not eligible jurors in respect of the subject matter of this proceeding, that fact should be established by evidence presented to the trial court, as indicated in the Dennis case. Absent such showing, those employees are eligible jurors under the District of Columbia Code[5] and the Wood, Frazier and Dennis cases. If any court has discretion to discharge this grand jury which is not shown to be ineligible, before any indictment is returned, a question as to which we imply no opinion, it is the District Court. We cannot invade any such discretion with the extraordinary writ of *mandamus*.

Further in this connection we note the precise petition before us. It is not merely for a discharge of this jury. It is for discharge without prejudice to another proceeding in New York. We take that phraseology to mean a discharge with prejudice to further proceedings in the District of Columbia. So the object of the prayer seems to be, not a Government-employee-ridden jury, but a District of Columbia jury. To grant the prayer we would have to hold that any grand jury summoned in the District would be impotent in respect to these petitioners. No such holding could be made; indeed counsel stop short of this necessary premise to their prayer as written.

II. Rule 21(b) of the Federal Rules of Criminal Procedure reads:

"(b) *Offense Committed in Two or More Districts or Divisions.* The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

 This rule, providing for transfer after indictment or information or bill of

---

1. N. Y. State Judiciary Law, Art. 17, § 598, McK.Consol.Laws, c. 30; 62 Stat. 951 (1948), 28 U.S.C. § 1861(4).

2. United States v. Wood, 1936, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78.

3. Frazier v. United States, 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187.

4. Dennis v. United States, 1950, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734.

5. D.C.Code, 1951, § 11–1420.

particulars, does not in terms provide for transfer prior to indictment or other formally placed charges. Petitioners say that the purpose of the rule to prevent irreparable injury to private persons would be frustrated if these proceedings were not transferred now. The irreparable injury to which they point is the publicity and expense of a criminal proceeding and the transportation to Washington of enormous quantities of material. But it appears that much, if not most, of the documentary material covered by the subpoenas is scattered over the world, and the presentation at any one place will obviously be complicated and expensive. The difference between presentation in New York and presentation here is unimpressive. Moreover, as District Judge Kirkland aptly said: "At this stage of the proceedings the issue of jurisdiction cannot yet be determined. Nor should a forecast of the probable results of the grand jury investigation be made to determine whether removal is warranted." We agree with those observations as applied to these proceedings. On the present record we do not reach the flat question whether transfer before indictment or information is possible under the rule. If it were certain that no indictment triable in this jurisdiction could be returned by this grand jury against these petitioners within the scope of the investigation as contemplated, possibly the trial court might be able to take some action to avoid palpably useless expenditures of time and money. But no such showing has been made, and lacking absolute certainty of invalidity the control of grand juries is committed to the discretion of the trial court.

We further note, without implying any ruling, that in respect to "the interest of justice", Rule 21(b), it is reported in this record, and petitioners do not deny, that the District Court for the Southern District of New York is overburdened with antitrust actions, even to the impediment of other litigation, whereas no other such action is presently pending in this jurisdiction.

■. III. Petitioners say that if an offense is triable in a state it must be tried

there by command of Clause 3 of Section 2 of Article III of the Constitution. Two answers appear. (1) No one can tell where an offense which may be charged in an indictment not yet returned will be alleged to have been committed. (2) The decision and opinion in Hyde v. Shine,[6] in which it was held that if an offense be triable either in the District of Columbia or in a state it may be tried in the District.

One further observation should be made. Petitioners refer to the enormous complexity of the proceedings envisioned by the subpoenas. The interest of the courts in the reduction of unnecessary delay, expense, and volume of records in this type of litigation is established by the Report adopted by the Judicial Conference in September, 1951. Certainly this court, one member of which was a member of the Committee which formulated that Report, is in agreement with its objectives and its recommendations. Certainly the trial court will be well advised to direct its efforts toward a minimum of waste of time, money and energy in the proceedings at all stages. The Report is a practical chart to that end. But three observations must be made in respect of the present matter in this court. In the first place, the Report is directed to the trial judge as a compilation of advisory recommendations in the public interest; it does not purport to impose binding requirements upon him. In the second place, the circumscription of an investigation not yet begun involves many considerations not to be found in the progress of an action after complaint or indictment. However desirable proper limits upon such investigations are—and we have no doubt of the desirability—the designing of recommended methods is for joint study, as by committee, and for trial court adoption, rather than for appellate court selection and dictation. In the third place, the scope of the subpoenas, which is the first occasion for consideration of limitations upon the proceedings, is not before us. That matter, as we have said, is still before the District Court. When it considers the subpoenas it may or may not deem the imposition of some limitations to be in the interest of justice.

6. 1905, 199 U.S. 62, 77, 25 S.Ct. 760, 50 L.Ed. 90, 94.