Petition of **A & H TRANSPORTATION, INC., for the Organization of a Special Grand Jury.**

No. 9017.

United States Court of Appeals Fourth Circuit.

Argued June 4, 1963.

Decided June 7, 1963.

Harry Waller, as President of A & H Transportation, Inc., pro se.

Arthur J. Murphy, Jr., Attorney, Department of Justice (Lee Loevinger, Asst. Atty. Gen., and Robert B. Hummel, Attorney, Department of Justice, on brief), for the Department of Justice.

Before HAYNSWORTH and BELL, Circuit Judges, and BARKSDALE, District Judge.

## PER CURIAM.

The petitioner, A & H Transportation, Inc., sought to have the District Court of Maryland convene a special grand jury under instructions to investigate alleged violations of the antitrust laws by the major oil companies doing business in the Baltimore area. The application was considered in an opinion filed April 18, 1963, written by Chief Judge Thomsen of the District Court of Maryland, with the concurrence of Judges Watkins, Northrop and Winter, the other Judges of that Court. The petitioner has sought to bring the matter here by appeal. Since it clearly is an unappealable order, we have treated the notice of appeal as a petition for a writ of mandamus to require the District Court of Maryland to convene a special grand jury and require it to conduct the kind of investigation the petitioner seeks.

It appears that Mr. Waller, the petitioner's president, has presented complaints of alleged violations of the antitrust laws to the Department of Justice. Though there has been some official inquiry, no indictments have been returned or requested. Mr. Waller has also written to the foreman of a regularly convened grand jury in Baltimore. That grand jury did not care to hear him, however, though his communications were passed on to the District Attorney. Earlier, one of Mr. Waller's companies, Savon Gas Stations, had brought a civil

antitrust action against Shell Oil Company, in which the defendant prevailed.[1]

When its petition was presented to the District Court, the petitioner also presented a certified copy of the record in an unrelated action, Del-Way Petroleum Company, Inc., et al., v. Cities Service Oil Company, a case in the District Court of Maryland which was ended before trial.

We have considered all of the foregoing matters in addition to the petitioner's allegations that the major oil companies are engaged in conspiracies to fix prices in the Baltimore area, are selling gasoline at prices below their cost, and are engaging in other practices designed to or having the effect of driving independent oil dealers out of business.

 The authority to convene or discharge a grand jury is vested in the District Court.[2] Its exercise of its discretion to convene, or not to convene, a special grand jury, or to discharge a grand jury, is not reviewable on appeal, and a Court of Appeals cannot by mandamus, or any other extraordinary writ, inject itself into the discretionary area reserved to the District Court.[3]

 We find here no such abuse of discretion as would justify issuance of the extraordinary writ of mandamus. It is evident from the Court's opinion that it gave careful consideration to the petitioner's request and to the alternative remedies, including a civil action for treble damages, available to the petitioner.

Since we find no abuse of the discretion lodged in the District Court, the petition for a writ of mandamus must be dismissed.

Dismissed.

---

1. Savon Gas Stations No. 6, Inc. v. Shell Oil Company, D.C., 203 F.Supp. 529, aff'd. 4 Cir., 309 F.2d 306.

2. Rule 6, Federal Rules of Criminal Procedure.

3. In re Texas Co., 91 U.S.App.D.C. 272, 201 F.2d 177; Morris v. United States, 5 Cir., 128 F.2d 912.