**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DUANE R. SWITZER,

      Plaintiff-Appellant,

v.

PATRICIA A. COAN; ZITA L.
WEINSHIENK; WALKER D.
MILLER; THOMAS LEE
STRICKLAND; STEPHANIE K.
SEYMOUR; STEPHEN HALE
ANDERSON; BOBBY R. BALDOCK;
MARY BECK BRISCOE; WADE
BRORBY; DAVID M. EBEL;
ROBERT H. HENRY; PAUL J.
KELLY, JR.; CARLOS F. LUCERO;
MICHAEL R. MURPHY; JOHN C.
PORFILIO; DEANELL REECE
TACHA; JAMES E. BARRETT;
WILLIAM J. HOLLOWAY, JR.;
JAMES K. LOGAN; MONROE G.
MCKAY; ROBERT H.
MCWILLIAMS; PATRICK FISHER;
JOHN K. KLEINHEKSEL, and other
unknown staff attorneys and law
clerks,

      Defendants - Appellees.

No. 00-1400

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 99-D-1705)

Submitted on the briefs:

Duane R. Switzer, Pro se.

Richard B. Caschette, First Assistant United States Attorney, Michael E. Hegarty, Assistant United States Attorney, Denver, Colorado, for Defendants-Appellees.

Before **HENRY** , **BALDOCK** , and **MURPHY** , Circuit Judges.

**MURPHY** , Circuit Judge.

Following adverse trial and appellate rulings in other cases, *see generally Switzer v. Berry* , 198 F.3d 1255, 1257 (10th Cir. 2000); *Switzer v. Jones* , No. 99-1508, 2000 WL 1289204 (10th Cir. Sept. 13, 2000) (unpub.), plaintiff filed suit against a long list of magistrate, district, and appellate judges of this circuit; the circuit's clerk, former chief staff attorney, unspecified staff attorneys and law clerks; and a former U. S. Attorney for Colorado.  Plaintiff alleged he "is the victim of a denial of meaningful access to the courts and [an] obstruction of justice conspiracy perpetrated by the defendants because of his status as a pro se litigant in that Orders and Opinions issued by the defendant Article III judges are actually authored by the defendant staff attorneys and law clerks and signed by the defendant Article III judges who have not bothered to read what their clerks and staff attorneys have written."

Plaintiff characterized the alleged conduct as unconstitutional and criminal, and formally pled two claims for relief: one designated "fraud on the court" and the other a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). He did not seek damages, but concluded his pleadings with numerous requests for equitable relief and a blanket demand for the recusal of all Tenth Circuit appellate and district judges. [1] The district court dismissed the action, holding that the complaint failed to state a claim upon which relief could be granted and that the inadequacy could not be cured by amendment. We affirm, though with some modification in rationale. [2]

One significant complication here is that the proper legal characterization of the first claim framed by the pleadings is far from clear. It has some features indicative of the "independent action to . . . set aside a judgment for fraud on the

---

[1]    As for recusal, there are no pertinent, particularized allegations of bias, and we have already determined on a prior appeal by plaintiff that "a lawsuit brought indiscriminately against all the active and senior judges on the Tenth Circuit Court of Appeals does not operate automatically to render the court unable to hear and decide an appeal brought by the plaintiff/petitioner." *Switzer*, 198 F.3d at 1258 (following *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999)); *accord Bolin v. Story*, 225 F.3d 1234, 1238-39 (11th Cir. 2000). "Thus, neither this court nor this panel [nor the district judge] is disqualified from hearing and resolving this [case]." *Switzer*, 198 F.3d at 1258.

[2]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

court" expressly preserved in Rule 60(b)[3]: it is formally designated "fraud on the court" and includes allegations of such fraud; one of the specific requests for relief is that the court set aside an adverse judgment; and the complaint references several precedents involving Rule 60(b) actions. But, it also has several features appropriate, rather, to a *Bivens*[4] claim: it encompasses specific allegations of unconstitutional conduct; the federal officers implicated in the conduct are named defendants against whom relief is sought; the complaint invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331, a jurisdictional basis necessary for a *Bivens* claim but not for a Rule 60(b) action;[5] and the relief requested includes a wide range of injunctive and declaratory remedies clearly beyond the limited scope of a Rule 60(b) action "to set aside a judgment." The distinction between a Rule 60(b) action and a *Bivens* claim is not academic. Elements of the claims, specificity-of-pleading rules, standards of review, affirmative defenses, and available relief all differ significantly.

---

[3] For ease of reference we refer to this as a "Rule 60(b) action."

[4] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[5] The Supreme Court recently reaffirmed that Rule 60(b) actions "may be regarded as ancillary to the prior suit, so that the relief may be granted by the court which made the decree in that suit." *United States v. Beggarly*, 524 U.S. 38, 46 (1998) (quoting *Pac. R.R. of Mo. v. Missouri Pac. R. Co.*, 111 U.S. 505, 522 (1884)). Thus, there is no need for an independent basis for the district court's jurisdiction. *See id.*

When the substance of a legal claim is otherwise present, this court has indicated that "confusion of various legal theories," a technical pleading error, should not be dispositive in pro se cases. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Consequently, our disposition of the fraud on the court allegations will separately address the two distinct legal claims identified above.

## Rule 60(b) Action

We review the disposition of a Rule 60(b) action for fraud on the court under an abuse of discretion standard. *See Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995); *Bulloch v. United States,* 763 F.2d 1115, 1122 (10th Cir. 1985) (en banc). As explained below, the district court's analysis of the legal insufficiency of this claim is correct and should therefore be affirmed. And, for reasons independent of those relied upon by the district court, we affirm its ruling that amendment of the pleadings should not be allowed.

A. *Dismissal of Claim*

This court has adopted the following definition of fraud on the court:

Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. . . . It is thus fraud where the court or a member is corrupted or influenced or influence is attempted *or where the judge has not performed his judicial function* –thus where the impartial functions of the court have been directly corrupted.

*Robinson*, 56 F.3d at 1266 (citation and quotation omitted, emphasis added).

The government's brief could be read as suggesting that fraud on the court requires an external influence brought to bear on the court. Plaintiff counters this suggestion by referring to the emphasized portion of the above passage from *Robinson,* which appears to contemplate a fraud on the court claim based on an improper abdication or delegation of Article III authority by the judge.

Rather than focusing on the more nebulous aspects of a claim asserting fraud on the court, the district court held that the pleadings lacked a specific and essential allegation of intent. Relying upon the *Robinson* opinion, the district court stated that plaintiff's allegations "are simply too conclusory and vague to support such a claim." District Court Order at 4. In *Robinson,* this court clarified that "'fraud on the court,' whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud[, i.e.,] . . . a showing of conscious wrongdoing–what can properly be characterized as a deliberate scheme to defraud–before relief from a final judgment is appropriate under the *Hazel-Atlas* [6] standard." 56 F.3d at 1267. The district court properly resolved that the complaint fails to allege the fraudulent intent necessary to support a Rule 60(b)

_____

[6]     *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), is cited in the Advisory Committee Note to the 1946 amendment of Rule 60(b) as an illustration of the independent action preserved by the rule.

action.[7]  The district court thus did not abuse its discretion in dismissing the claim.

B.  *Futility of Amendment*

The district court went on to reject the possibility of curative amendment, saying:

> The Court will take judicial notice of the fact that the district court and circuit judges of the Tenth Circuit first review, approve and sign all Orders and Rulings before they are entered in their respective cases, including matters brought by pro se litigants.  Accordingly, any effort to show that the federal courts of the Tenth Circuit have improperly delegated all of their judicial authority to their clerks would be futile.  Therefore, permitting Plaintiff to amend his Complaint would be pointless.

District Court Order at 5.  While we certainly would not gainsay this observation regarding judicial practice in the Tenth Circuit, we also do not rely on it as a conclusive fact in this case.

Plaintiff asserts that judges in this circuit have issued decisions which they have not read.  While the district judge may personally know this allegation is false, such knowledge is not a proper basis for judicial notice.  *United States v. Lewis*, 833 F.2d 1380, 1385-86 (9th Cir. 1987); *United States v. Sorrells*, 714 F.2d 1522, 1527 n.6 (11th Cir. 1983); *Virgin Islands v. Gereau*, 523 F.2d

---

[7]  It has been held that the strict specificity requirements for pleading fraud under Fed R. Civ. P. 9 apply to fraud on the court claims.  *See Madonna v. United States*, 878 F.2d 62, 63, 66 (2d Cir. 1989).  We need not rely on Rule 9 here, as plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) in any event.

-7-

140, 147-48 (3d Cir. 1975). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). The confidential, internal workings of the federal judiciary do not seem to fall into either category: they are inherently outside the realm of general knowledge and there are no ready sources for incontestable confirmation of the facts in question here. [8]

Plaintiff, however, has never challenged the district court's futility of amendment analysis, nor does he argue even now that he could have corrected the deficiency in his pleadings by amendment. This is not a mere technical default. If the plaintiff is unable or unwilling to hazard the allegation that the defendants acted with fraudulent intent, particularly after the district court identified this missing element, then he stands on his initial pleading, which is deficient. Indeed, even if plaintiff were to now argue that he should have been allowed to amend his complaint to correct its deficiencies, such a contention would be

---

[8] Contestability and disputation are critical considerations here. We do not mean to suggest that a court could never take judicial notice of its own internal procedures. The problem is that the procedures in question here entail the central allegation of impropriety in the case, and the judicial officers accused of that impropriety would be both the conduit and source of the confidential information vindicating those procedures.

properly rejected because "it was incumbent upon [him] to seek leave from the district court to make the attempt" after dismissal of his action below. By not doing so, he has "elected to appeal the case as it stood." *Dahn v. United States*, 127 F.3d 1249, 1252 (10th Cir. 1997); *see also Calderon v. Kansas Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (reaffirming holding in *Glenn v. First Nat'l Bank*, 868 F.2d 368, 369-71 (10th Cir. 1989), that party cannot object on appeal to lack of opportunity to cure defective pleading when curative amendment was not properly sought in district court).

## Bivens Claim

A. *Sufficiency of the Pleadings*

In contrast to the deference appropriate in fraud on the court actions, we review the dismissal of a *Bivens* claim de novo. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). Plaintiff's allegations of unconstitutional delegation of Article III authority to law clerks and staff attorneys in pro se proceedings would appear to state such a claim.

The U.S. Attorney attempts to bolster the district court's disposition by citing several cases generally describing with approval various proper uses of law clerks.[9] *See, e.g.*, *Fredonia Broadcasting Corp. v. RCA Corp.*, 569 F.2d 251, 256

_____

[9] The U.S. Attorney also argues that plaintiff's allegations implicate judicial or quasi-judicial immunity shielding all or most of the defendants. Invocation of

(continued...)

(5th Cir.), *cert. denied*, 439 U.S. 859 (1978); *Dorsey v. Kingsland*, 173 F.2d 405, 413 (D.C. Cir.), *rev'd on other grounds*, 338 U.S. 318 (1949); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1047 (7th Cir. 1984) (dissent); *Oliva v. Heller*, 670 F. Supp. 523, 526 (S.D.N.Y. 1987), *aff'd*, 839 F.2d 37 (2d Cir. 1988). Plaintiff's allegations of wrongdoing, however, go beyond the facts in those cases by effectively alleging that the judges wholly delegate their official duties and assign their powers to staff. At this stage of the proceedings, these allegations must be accepted as true and construed in the light most favorable to plaintiff. *Oxendine*, 241 F.3d at 1278.

B. *Availability of an Adequate Legal Remedy*

In *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000), the plaintiffs' allegations were similar to those presented here: "the defendant federal judges do not READ

---

[9](...continued)
this defense raises a thorny legal question, as the complaint seeks equitable relief. The Supreme Court held in *Pulliam v. Allen*, 466 U.S. 522 (1984), that judicial immunity does not insulate state judges from claims for equitable relief under 42 U.S.C. § 1983, and it is unsettled whether the corresponding immunity afforded federal judges in *Bivens* cases permits or precludes such claims. *Compare Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (distinguishing *Pulliam* and extending federal judicial immunity to preclude equitable *Bivens* claim) *and Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000) (following *Mullis*, but noting issue "is a closer one than it would seem at first blush"), *with Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir. 1989) (finding *Mullis* immunity analysis to be "of doubtful merit," though not deciding issue). We express no opinion on the issue and rely instead for our disposition on uncontroversial principles specifically barring the equitable relief sought here.

anything submitted by pro se litigants, thereby defrauding them of the judgments that are rightfully theirs;" the "defendant district judge . . . *had not read* any of [plaintiff's earlier] § 2255 petition and that 'predictably' his arguments will not be read by Article III judges [on appeal] either;" and "someone else . . . is writing [the district judge's] opinions for him." *Id.* 1236-37. Based on these allegations, the plaintiffs in *Bolin*, as the plaintiff here, sought declaratory and prospective injunctive relief under *Bivens* for the alleged wrongdoing in the earlier cases. In addition to applying judicial immunity, the court in *Bolin* noted, as an alternative basis to affirm dismissal, that the earlier proceedings had provided adequate remedial process through appellate review or an extraordinary writ, thereby precluding equitable relief in the subsequent civil rights case.[10] *Id.* at 1243. In similar *Bivens* actions against federal judges, other courts have rejected equitable claims on this basis as well. *See, e.g.*, *Scruggs*, 870 F.2d at 378; *Affeldt v. Carr*, 628 F. Supp. 1097, 1102-03 (N.D. Ohio 1985). While this court has not considered the matter in precisely this context, it has repeatedly applied the general rule that equitable relief is available only in the absence of adequate remedies at law. *See Floyd v. IRS*, 151 F.3d 1295, 1300 (10th Cir.

---

[10]   While the court in *Bolin* focused this analysis on claims brought against the defendant prosecutors, it stated that absent judicial immunity, the defendant judges would be entitled to dismissal for the same reason. 225 F.3d at 1243 n.7.

1998); *United States v. Madden*, 95 F.3d 38, 39 (10th Cir. 1996); *Winfield Assocs., Inc. v. Stonecipher*, 429 F.2d 1087, 1090-91 (10th Cir. 1970).

Plaintiff's prayer for relief includes requests that the court vacate past adverse decisions and allow him discovery. This relief was available through such standard legal means as post-judgment motion, appeal,[11] mandamus, prohibition, and/or certiorari review in the prior proceedings. We note in this regard that the sources upon which petitioner loosely bases his allegations of improper Article III delegation long predate the prior proceedings.[12]

Plaintiff also requested less conventional remedies: that the court (1) "prepare a Report to be sent to Congress addressing the depredations complained of herein;" (2) "convene a grand jury . . . to investigate the criminal depredations of the defendants named herein;" and (3) declare (a) that "the practice of allowing law clerks and/or staff attorneys to do any research or draft any opinion or part thereof in either the district or appellate courts [is] unconstitutional" and (b) "that plaintiff, as a pro se litigant, is entitled to the same consideration in adjudication of his actions as any lawyer from any 'blue chip' law firm." These requests replicate, virtually verbatim, the relief sought by the

---

[11] Appeal proceedings may also include rehearing, with or without an *en banc* suggestion.

[12] The sources are various published materials discussing judicial use of law clerks and staff attorneys generally and adoption of practical screening procedures to facilitate review of pro se cases in particular.

plaintiff in *Bolin*. *See* 225 F.3d at 1237. Without addressing whether all such relief could have been obtained in the prior legal proceedings, the *Bolin* court broadly held that those proceedings provided a legal remedy sufficient to preclude the subsequent pursuit of collateral equitable relief under *Bivens*. We note, in any event, that barriers to these non-traditional remedies exist whether these remedies are viewed in the context of the earlier proceedings or this *Bivens* action. [13]

---

[13]   We doubt the request for a report to Congress about judicial use of staff was cognizable in the prior proceedings. However, that is because we doubt there is *any* mechanism in the federal courts for a private litigant to compel the judiciary to subordinate itself to another branch of government in this manner.

We also need not decide whether a request to convene a grand jury was cognizable in the prior proceedings. The authority to convene a grand jury "is vested in the District Court [and] [i]ts exercise of its discretion is not reviewable on appeal." *Korman v. United States*, 486 F.2d 926, 933 (7th Cir. 1973) (quoting *In re A & H Transp., Inc.*, 319 F.2d 69, 71 (4th Cir. 1963)). And, plaintiff has not alleged "such abuse of discretion as would justify issuance of the extraordinary writ of mandamus" in this regard. *In re A & H Transp., Inc.*, 319 F.2d at 71; *see Korman*, 486 F.2d at 933 (indicating "flagrant abuse of discretion" would warrant mandamus relief). We thus have no occasion to review the disposition of his grand jury request.

The requests for declaratory relief may appear to exceed the case-specific legal remedies available in the prior proceedings and to fall more aptly within the scope of this *Bivens* action. Nevertheless, neither request affects our analysis. The first declaration–that law clerks and staff may not assist the court with *any* research or drafting duties–is incorrect as a matter of law. Thus, it was properly rejected on the pleadings in any event. The substance of the second–that pro se litigants are entitled to equal treatment under the law–would be inherent in any order vacating an adverse decision on the grounds plaintiff asserts. Thus, it was effectively obtainable through the legal procedures available to accomplish that end discussed above, i.e., appeal, writ or motion in the prior proceedings.

**RICO**

The district court dismissed plaintiff's RICO claim for failure to allege a pattern of racketeering activity with sufficient particularity, presumably for lack of names, dates, and specific instances of the alleged conduct. Plaintiff insists he did the best he could without the benefit of internal court information or discovery to obtain such information.

In any event, the "adequate legal remedy" principle barring the *Bivens* claim applies as well to bar the same equitable relief sought under RICO. [14] Further, there is an obvious RICO pleading deficiency here having nothing to do with plaintiff's incomplete factual knowledge: the "enterprise" he specified in the complaint is simply the group of individual defendants accused of engaging in the racketeering. "It is well-settled in this circuit, as in most others, that for purposes of 18 U.S.C. § 1962(c), [15] the defendant 'person' must be an entity distinct from the alleged 'enterprise.'" *Brannon v. Boatmen's First Nat'l Bank*, 153 F.3d 1144, 1146 (10th Cir. 1998) (following *Board of County Comm'rs v.*

_____

[14] Indeed, there is considerable doubt that equitable relief is available to private RICO litigants under any circumstances. *See Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.42 (5th Cir. 2000); *Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 848 (1st Cir. 1990).

[15] Plaintiff refers to § 1962(a) in the complaint, but that is clearly a mistake. His allegations have nothing to do with the derivation and investment of income to which § 1962(a) relates, but rather match up with the elements of a § 1962(c) claim, which he specifically lists and follows with citations to § 1962(c) case law.

*Liberty Group*, 965 F.2d 879, 885 & n.4 (10th Cir. 1992)); *see also Cedric Kushner Promotions, Ltd. v. King*, 121 S. Ct. 2087, 2091 (2001) ("accepting the [RICO] 'distinctness' principle" developed in the circuit courts, though holding it inapplicable under circumstances irrelevant to the instant case). Plaintiff has thus failed to allege an enterprise distinct from the individual defendants.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The U.S. Attorney's motion to file a supplemental appendix containing the pleadings, motions, and orders in the district court file is GRANTED.