**Leon Edward PUGH, Appellant,**

v.

**John D. ASHCROFT, United States**
**Attorney General, Appellee.**

No. 04–5095.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 7, 2004.

Leon Edward Pugh, Savannah, GA, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court

for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed March 1, 2004 be affirmed.

Appellant seeks injunctive relief against the judges involved in his trial and habeas proceedings, but neither Attorney General Ashcroft nor the courts in this circuit have any supervisory authority over the Georgia-based judges named in the complaint. Furthermore, "equitable relief is available only in the absence of adequate remedies at law," *Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir.2001), and appellant has an adequate legal remedy for any judicial error or misconduct in the form of post-judgment proceedings in the appropriate courts. *See, e.g., id.* at 990–92; *Bolin v. Story*, 225 F.3d 1234, 1242–43 (11th Cir. 2000).

Appellant also seeks release pending resolution of his habeas petition, but that is a matter for the habeas court to decide. Alternatively, appellant seeks placement in federal custody pending an investigation into his racketeering charges, but the district court correctly held that there is no basis for such a placement. Finally, to the extent, that appellant seeks a federal investigation of his racketeering charges, that decision is left to the discretion of the Attorney General. *See, e.g., Community for Creative Non–Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C.Cir.1986). We therefore affirm the dismissal order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.