**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DIRECTV, INC.,

          Plaintiff-Appellee,

v.

ALAN J. CRESPIN,

          Defendant-Appellant.

No. 06-1401
(D.C. No. 03-CV-1400-REB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

---

Defendant-appellant Alan J. Crespin, an attorney appearing pro se, appeals from the district court's August 14, 2006 order denying his December 5, 2005 "Motion for Reconsideration Denying Relief from Judgment Pursuant to Rule 60 Introduction" and his January 3, 2006 reply, construed as a separate motion for new trial. Finding no abuse of discretion, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellee DirecTV, Inc. filed suit against appellant Crespin, asserting four claims that he unlawfully received its satellite transmissions, in violation of the Federal Communications Act, 47 U.S.C. § 605(a), and other federal and state law. After the district court dismissed DirecTV's state law claim, the remaining three federal claims were tried to a jury. DirecTV voluntarily dismissed one of its federal claims during trial, and the jury found against DirecTV on another of its federal claims. The jury found in favor of DirecTV on its remaining claim under § 605(a). The district court entered a judgment awarding DirecTV injunctive relief, statutory damages, attorney fees, and costs, and entered a final judgment on September 28, 2004. Aplee. Supp. App. at 113 (D.C. No. 03-CV-1400, Doc. 188). Appellant filed two appeals from the judgment and the district court's denial of several post-judgment motions. We consolidated the appeals and affirmed the district court in all respects in an order and judgment filed on March 16, 2007. *See Directv, Inc. v. Crespin*, 224 Fed. App'x 741 (10th Cir. 2007).

Appellant Crespin filed the current motion for reconsideration under Fed. R. Civ. P. 60 on December 5, 2005, asserting that DirecTV and its lawyers conspired to fabricate evidence for the trial. R., Supp. Vol. 1, Doc. 240. Specifically, appellant Crespin asserted by the motion for reconsideration that packing slips offered to prove that television signal piracy equipment was shipped to him were not authentic. *See id.* at 1-2. The district court summarily denied the

motion for reconsideration, along with appellant Crespin's January 3, 2006 reply, which had been docketed as a separate motion for new trial. *See id.*, Docs. 243, 244.

DirecTV asserts that appellant Crespin's motion for reconsideration under Rule 60(b)(3), Fed. R. Civ. P., was for fraud and was untimely under the one-year deadline for such motions prescribed in Rule 60(b), and was therefore time-barred. We disagree. Appellant Crespin alleged the participation of DirecTV's lawyers in fabricating evidence. We have previously held, *inter alia*, that "'the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.'" This type of fraud is distinguishable from a claim of fraud between the parties and is therefore "exempt from the one year time-period for filing claims under Rule 60(b)(3)." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (internal quotation omitted). We conclude that the district court had jurisdiction to consider the merits of appellant Crespin's motion for reconsideration.

We review the denial of a motion under Rule 60(b) for abuse of discretion. *Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001). "[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Stubblefield v. Windsor Capital Group*, 74 F.3d 990, 994 (10th Cir. 1996) (quotation omitted). We hold that the district court did not abuse its discretion.

The district court stated in an earlier order denying one of appellant's prior motions for relief from judgment that it had "considered previously Crespin's many challenges to the authenticity of the packing slips[.]" R., Supp. Vol. 1, Doc. 238, at 3. The court considered appellant's comparison of the deposition testimony of Scott Madvig in this case and his April 12, 2005 deposition in another case. *See id.* at 2-3. The court determined that "[t]o the extent Madvig may have said anything in his April 12, 2005, testimony that is both new and material to this case, that testimony readily could have been developed prior to the trial of this case." *Id.* at 3. The court observed that "Madvig was questioned by Crespin at a pretrial deposition, and the questioning included the topic of the packing slips at issue here." *Id.* The court was not persuaded to alter its conclusion that "DirecTV presented sufficient evidence of the authenticity of the packing slips." *Id.*

In his December 5, 2005 motion for reconsideration, appellant once again raised the issue of Madvig's testimony in another case conflicting with his testimony in this case. But appellant makes no attempt in his briefs on appeal to demonstrate that he could not have developed his allegedly new evidence earlier, as the district court previously held. Therefore, we hold that the district court did not abuse its discretion by denying the December 5, 2005 motion.

Appellant's motion to supplement the record on appeal is denied.  The judgment of the district court is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge