**David E. HILL, Appellant**

v.

**TRAXLER, Chief Judge, et al., Appellees.**

No. 13–5240.

United States Court of Appeals, District of Columbia Circuit.

Dec. 27, 2013.

Rehearing En Banc Denied Feb. 25, 2014

David E. Hill, United States Penitentiary, Florence, CO, pro se.

Warden United States Penitentiary, Florence, CO, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: ROGERS, TATEL, and SRINIVASAN, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 9, 2013, be affirmed. Even liberally construed, the complaint fails to state a claim because federal judges are immune from appellant's claims for monetary damages, *see Forrester v. White,* 484 U.S. 219, 225–27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), and appellant is not entitled to the declaratory and injunctive relief he seeks, as appellate and post-judgment review of his conviction provided an adequate remedy at law for his claims, *see Younger v. Harris,* 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (equitable relief not available if an adequate remedy at law exists); *Sibley v. Lando,* 437 F.3d 1067, 1074 (11th Cir.2005) (appellate process is an adequate remedy at law); *Pugh v. Ashcroft,* 116 Fed.Appx. 287, 288 (D.C.Cir.2004) (holding that "equitable relief is available only in the absence of adequate remedies at law" and the appellant had "an adequate legal remedy for any judicial error or misconduct in the form of post-judgment proceedings in the appropriate courts") (internal quotation and citation omitted). Nor has appellant shown that the district court erred in sua

sponte dismissing the complaint without providing him an opportunity to respond. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time" if the court determines that the action fails to state a claim on which relief may be granted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.