**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VICTOR ANDREW APODACA, SR.,

     Plaintiff - Appellant,

v.

CORIZON HEALTH CARE; JON
WAILEX; LEVI H. JONES; GARY
BALINE, Administrator; DR.
BIRNBAUM; FNU SMITH, LCCF, GEO,
Warden; B. BURRIS; MRS. THOMAS,

     Defendants - Appellees.

No. 18-2061
(D.C. No. 2:16-CV-00096-MV-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

After examining the parties' briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Victor Andrew Apodaca, Sr., a New Mexico state prisoner proceeding pro se and in forma pauperis,[1] appeals from the district court's grant of summary judgment in favor of Dr. David Birnbaum on Apodaca's 42 U.S.C. § 1983 civil rights claim. Apodaca also appeals from the district court's denial of his Fed. R. Civ. P. 60(b) motion for relief from judgment.[2] Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the district court's judgment.

Apodaca filed a complaint alleging, inter alia, that Birnbaum violated his Eighth Amendment rights by failing to adequately care for Apodaca's medical conditions. The matter was referred to a magistrate judge for initial proceedings. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a thorough Report and Recommendation cataloging Birnbaum's (and his staff's) responses to Apodaca's various requests for medical care. Based on that evidence, the magistrate judge concluded no reasonable jury could conclude Birnbaum acted, or failed to act, despite knowledge of a substantial risk

---

[1]This court **GRANTS** Apodaca's motion to proceed on appeal in forma pauperis. He is reminded, however, of his continuing obligation to make partial payments until the entire filing fee has been paid in full.

[2]Apodaca filed his notice of appeal before the district court issued its ruling on his motion for relief from judgment. The notice of appeal became effective upon the district court's denial of Apodaca's post-judgment motion. Fed. R. App. P. 4(a)(4)(B)(i). To appeal the denial of the post-judgment motion, Apodaca needed to file either a new appeal or an amended notice of appeal. Fed. R. App. P. 4(a)(4)(B)(ii). He did neither. Within thirty days of the entry of the district court order denying the post-judgment motion, however, Apodaca filed an entry of appearance and a motion to proceed in forma pauperis. This court construes those filings as the functional equivalent of a notice of appeal. *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007). Thus, this court has jurisdiction to review the district court's denial of Apodaca's motion for relief from judgment.

2

of harm to Apodaca. *See Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) ("A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety." (quotation omitted)). Accordingly, the magistrate judge recommended that the district court grant summary judgment in favor of Birnbaum.

Despite being specifically warned in the Report and Recommendation that failure to file objections with the district court would result in waiver of appellate review, Apodaca did not file timely objections. Although he did file untimely objections, those objections did not specifically address any of the magistrate judge's conclusions. Instead, the objections merely asserted that objection was made to preserve the right to further review. *But see United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("We agree with the[] holdings of our sister circuits, because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance. Therefore, we hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). The district court concluded Apodaca's failure to file timely objections led to the waiver of Apodaca's right to appellate review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or

3

recommendations to which objection is made"). The district court further concluded that the result would remain the same even if it considered Apodaca's untimely objections because those objections did not specifically identify any legal or factual errors on the part of the magistrate judge. *See One Parcel*, 73 F.3d at 1060.

Apodaca then filed a motion for relief from judgment, asserting his failure to file timely objections was based on excusable neglect. *See* Fed. R. Civ. P. 60(b) (providing that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise or excusable neglect"). The district court denied Apodaca's motion, concluding Apodaca's assertion that he did not understand applicable procedures failed to demonstrate excusable neglect. *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (placing on the movant the high hurdle of demonstrating excusable neglect). In any event, the district court concluded excusing Apodaca's failure to file timely objections would be of no meaningful benefit because the objections Apodaca untimely filed failed to identify specific errors in the magistrate judge's Report and Recommendation.

This court reviews the district court's denial of Apodaca's Rule 60(b) motion for abuse of discretion. *Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001). The district court did not abuse its discretion in concluding Apodaca was not entitled to relief under Rule 60(b). As noted by the district court, the magistrate judge's Report and Recommendation specifically informed Apodaca as to the steps he must take to preserve de novo review. Given these specific directions, the district court reasonably concluded Apodaca failed to satisfy the high hurdle of demonstrating his failure to file timely

4

objections was excusable.  Moreover, the district court reasonably concluded that granting such relief to Apodaca would not be meaningful given that Apodaca never filed the specific objections necessary to preserve de novo review.

The conclusion the district court did not err in denying Apodaca's Rule 60(b) motion also resolves, in significant part, Apodaca's appeal from the order of the district court adopting the Report and Recommendation and granting summary judgment in favor of Birnbaum.  Because Apodaca failed to file timely and specific objections to the Report and Recommendation, he has waived appellate review in this court.  *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996) ("This circuit has adopted a firm waiver rule under which a party who fails to make timely objection to the [magistrate judge's] findings and recommendations waives appellate review of both factual and legal questions.").  We recognize we may "grant relief from the firm waiver rule in the interests of justice," *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015), but Apodaca has not argued on appeal that he is entitled to such relief.  And, even if this court were inclined to examine the availability of such relief sua sponte, the record firmly establishes that such relief is not appropriate in this case.  "[T]he interests of justice analysis . . . is similar to reviewing for plain error." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008).  A plain-error showing requires "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).  A close examination of the record here demonstrates absolutely no error on the part of the magistrate judge in concluding a reasonable juror could not conclude Birnbaum knowingly or consciously disregarded a

5

substantial risk to Apodaca's health or safety. Instead, Birnbaum was responsive to Apodaca's medical needs and Apodaca's complaints amount to nothing more than a difference in opinion as to the most efficacious treatment. *See Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir.1999) ("[A] prisoner who merely disagrees with a . . . prescribed course of treatment does not state a constitutional violation.").

For those reasons set out above, the judgment of the United States District Court for the District of New Mexico is hereby **AFFIRMED**.

Entered for the Court


Michael R. Murphy
Circuit Judge