**Frank NEWSOME, Plaintiff–Appellant,**

v.

**Michael MERZ, Mag. Judge; Jeffrey Turner, Defendants–Appellees.**

**No. 00–4307.**

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

**344**

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Frank Newsome, an Ohio resident proceeding pro se, appeals the district court order dismissing his civil rights action construed as filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d

619 (1971), and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking six million dollars in damages and declaratory and injunctive relief, Newsome sued United States Magistrate Judge Michael R. Merz and attorney Jeffrey C. Turner. He alleged that the defendants violated his constitutional rights in the course of two cases he brought in the district court for the Southern District of Ohio. Magistrate Judge Merz presided over the cases, and Turner represented the defendants in each. Magistrate Judge Merz and Turner filed motions to dismiss under Fed.R.Civ.P. 12(b)(6). The district court granted the motions and dismissed the case.

In his timely appeal, Newsome argues that the district court: (1) failed to consider the additional facts and legal claims Newsome attached to his complaint; (2) failed to address the usurpation of judicial authority by Magistrate Judge Merz; and (3) erroneously held that the statute of limitations for Newsome's claim was two years. Magistrate Judge Merz and Turner have requested sanctions against Newsome.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *See Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk,* 99 F.3d at 197.

Upon review, we conclude that the district court properly dismissed Newsome's complaint for failure to state a claim. Newsome alleged that Magistrate Judge Merz and Turner took improper actions in two district court cases: *Newsome v. Southside Honda*, No. 96–321, and *Newsome v. Erwin*, No. 99–473. In essence, he claimed that Magistrate Judge Merz improperly favored the defendants in his judicial rulings and that Turner violated the rules of court. Magistrate Judge Merz was entitled to judicial immunity from Newsome's claim for monetary damages because he was performing his judicial functions and acted within his jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Newsome also had no claim for injunctive relief against Magistrate Judge Merz because he did not demonstrate an inadequate remedy at law or a serious risk of irreparable harm. *See Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Newsome appealed the summary judgment entered in case No. 96–321, but the appeal was dismissed for lack of prosecution. *Newsome v. Southside Honda*, No. 97–3618 (6th Cir. July 25, 1997). If he fails to prevail in case No. 99–473, Newsome can appeal that judgment as well. Thus, Newsome had or has adequate remedies at law to address Magistrate Judge Merz's alleged misdeeds. Moreover, federal judges are immune from *Bivens* suits for equitable relief. *See Bolin v. Story*, 225 F.3d 1234, 1240–42 (11th Cir.2000); *Mullis v. United States Bankr.Court for the Dist. of Nev.*, 828 F.2d 1385, 1392–94 (9th Cir.1987).

The district court also properly held that any claim arising from Magistrate Judge Merz's conduct in case No. 96–321 is barred by Ohio's two-year statute of limitations. *See* Ohio Rev.Code Ann. § 2305.10; *Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir.1994). Final judgment in case No. 96–321 was entered May 28, 1997, and Newsome did not file this case until November 23, 1999. Because Newsome knew or had reason to know of any injury arising from Magistrate Judge Merz's actions in case No. 96–321 more than two years before he filed suit, his claim is barred by the statute of limitations. *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996).

Finally, we agree with the district court that Newsome's complaint failed to state a claim against Turner. As a lawyer representing a client, Turner was not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir.1998).

We have considered Newsome's arguments on appeal and conclude that they are without merit. Accepting all of Newsome's factual allegations as true, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk*, 99 F.3d at 197. Due to the frivolity of this appeal, the defendants are invited to submit bills of costs and attorney fees for the panel's consideration. Newsome may then file a response. *See* Fed. R.App. P. 38; 28 U.S.C. § 1912. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.