**Faramarz MEHDIPOUR, Plaintiff,**

v.

**Honorable Gary M. PURCELL, et al. Defendants.**

**Civil Action No. CIV–01–592.**

United States District Court, W.D. Oklahoma.

Nov. 9, 2001.

Faramarz Mehdipour, Cushing, OK, pro se.

## MEMORANDUM AND ORDER

BELOT, District Judge.

Petitioner filed this suit pursuant to 42 U.S.C. section 1983 against most, if not all, of the federal judges in the Western District of Oklahoma ("Oklahoma judges"), the judges sitting on the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit judges"), and the United States of America ("United States"). Docs. 1 and 16. The Oklahoma judges, Tenth Circuit judges, and the United States (collectively referred to as "the defendants") moved to dismiss. Doc. 18. Plaintiff has responded. For the following reasons, the motion to dismiss is GRANTED.

 Because the Oklahoma judges and the Tenth Circuit judges are federal defendants, this court will construe plaintiff's claims against them as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Dry v. United States*, 235 F.3d 1249, 1256 (10th Cir.2000) (construing constitutional claims, originally pled under section 1983, against federal defendants under *Bivens* ); *Mullis v. United States Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1387 (9th Cir.1987). The immunities available in section 1983 claims are nearly identical to actions arising under *Bivens*. *See Butz v. Economou*, 438 U.S. 478, 500, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). As such, the federal judges and Tenth Circuit judges are absolutely immune from liability for damages "for acts committed within their judicial jurisdiction ...." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This court finds plaintiff has not alleged any activity not covered by the absolute judicial immunity doctrine. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 357 n. 7, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (quoting *Bradley v. Fisher*, 80 U.S.(13 Wall.) 335, 352, 20 L.Ed.

646 (1872)). Accordingly, the motion to dismiss plaintiff's action for damages against the Oklahoma judges and the Tenth Circuit judges is GRANTED.

The court similarly finds absolute immunity is appropriate with respect to plaintiff's request for injunctive and declaratory relief against the Oklahoma judges and Tenth Circuit judges,. In this context, however, the distinction between a section 1983 case and a *Bivens* action is of particular import. In 1995, the Tenth Circuit, in reliance upon *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), held that absolute judicial immunity did not shield judges from claims for prospective relief in a section 1983 action. *See Harris v. Champion*, 51 F.3d 901, 905 (10th Cir.1995). Whether this rule applies to *Bivens* claims is, however, an open question in this circuit. *See Switzer v. Coan*, 261 F.3d 985, 990 n. 9 (10th Cir. 2001). There are, however, at least two reasons to believe absolute immunity shields these defendants from suit for injunctive or declaratory relief under *Bivens*.

First, the *Switzer* court noted authority from other circuits that extends absolute judicial immunity to cases seeking equitable relief in a *Bivens* action. *See Switzer*, 261 F.3d 985, 990 n. 9. The most common rationale for limiting *Pulliam* to section 1983 cases is that the interest driving the *Pulliam* court's decision in the section 1983 arena, i.e., unruly state courts, *see Pulliam*, 466 U.S. at 540, 104 S.Ct. 1970, is not present in *Bivens* suits. *See Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1393 (9th Cir.1987), *cert. denied*, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.2000) (noting the "issue is a closer one than it would seem at first blush," but holding that "the stronger argument favors the grant of absolute immunity to the

defendant federal judges in this case"). In addition, the *Pulliam* decision has been undercut by a 1996 Congressional amendment to section 1983. *See* 42 U.S.C. § 1983 (as amended by Pub.L. No. 104–317, Title III, § 309(c), 110 Stat. 3847, 3853 (Oct. 19, 1996)); *see also Bolin*, 225 F.3d at 1242 (noting *Pulliam* "has been partially abrogated by statute").

Without any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits, this court holds that federal judges are absolutely immune from equitable relief under *Bivens*. *See Newsome v. Merz*, No. 00–4307, 2001 WL 1006189, at *1 (6th Cir. Aug.21, 2001); *Bolin*, 225 F.3d at 1242; *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996). In the alternative, this court finds that all decisions made by the judicial defendants with respect to plaintiff's case are subject to appellate review and therefore he has (or, at least had, if timely pursued) a remedy at law, which precludes the equitable relief he now seeks. *See Switzer*, 261 F.3d 985, at 990–91; *Bolin*, 225 F.3d at 1242–43. Thus, the motion to dismiss plaintiff's action for injunctive and declaratory relief against the Oklahoma judges and the Tenth Circuit judges is GRANTED.

Finally, plaintiff has named the United States. The United States is entitled to sovereign immunity absent a waiver of its protection. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 556 (10th Cir.2000). No such waiver is present. Accordingly, the United States' motion to dismiss is GRANTED.

IT IS SO ORDERED.