**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONALD E. ARMSTRONG,
individually post-bankruptcy petition
and as post-bankruptcy petition
beneficiary of the Donald E.
Armstrong Family Trust and the
Donald E. Armstrong Charitable
Remainder Unitrust,

        Plaintiff-Appellant,

v.

THE HONORABLE JUDITH A.
BOULDEN, individually and as
an officer of the Court; THE
HONORABLE GLEN E. CLARK,
individually and as an officer of the
Court; THE HONORABLE TED
STEWART, individually and as an
officer of the Court; THE
HONORABLE JAMES A.
PUSATERI, individually and as
an officer of the Court; THE
HONORABLE RICHARD
BOHANON, individually and as
an officer of the Court; THE
HONORABLE TERRENCE L.
MICHAEL, individually and as
an officer of the Court,

        Defendants-Appellees.

No. 03-4006
(D.C. No. 2:02-CV-500-JC)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Donald E. Armstrong appeals the judgment of the district court dismissing this case with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We affirm.

Armstrong filed this action against United States District Judge Ted Stewart and United States Bankruptcy Judges Judith A. Boulden and Glen E. Clark of the District of Utah. He also sued three other bankruptcy judges who had comprised a panel of the Bankruptcy Appellate Panel (BAP) of the Tenth Circuit that had ruled against him. According to Armstrong's opening brief,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

however, he has withdrawn his appeal as it relates to those three BAP judges. Aplt. Br. at 2.

In his complaint requesting both injunctive relief and damages, Armstrong complained about the manner in which Judge Boulden presided over his bankruptcy case and about the manner in which Judge Clark conducted a related bankruptcy proceeding. He also took issue with the entry of a default judgment against him by Judge Stewart, the Judge's refusal to review a Texas judgment, and various other judicial actions.

As for Armstrong's request for injunctive relief, the district court concluded that Armstrong failed to meet the stringent standard required before injunctive relief will issue. Specifically, Armstrong failed to establish that (1) he would suffer irreparable injury without the injunctions; (2) that the threatened injury to him outweighed any harm that the defendants would suffer if the injunctions should issue; (3) that the injunctions would not be contrary to the public interest; and (4) that there is a substantial likelihood that he would succeed on the merits of his legal challenge to the actions of defendants. *See Utah v. Babbitt*, 137 F.3d 1193, 1200 n.7 (10th Cir. 1998). The district court further concluded that Armstrong had an adequate remedy at law for his alleged injuries,

thus precluding injunctive relief. We agree with this analysis by the district court and affirm on that basis. [1]

As for Armstrong's prayer for monetary damages, it is clear that all of the judges here are absolutely immune from a suit for damages because they were acting in their judicial capacities. All of the actions complained of were judicial in nature and were not done in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Armstrong's protestations and conclusory allegations to the contrary do not change the fact that the acts of these defendants were done under the auspices of either their bankruptcy-court or their district-court jurisdiction. That the BAP has recently determined the Utah bankruptcy court to have lacked the jurisdiction to enter criminal contempt sanctions against Armstrong in a related matter has no bearing on the jurisdiction exercised by these defendants in the matters complained of.

---

[1] Alternatively, the district court also reasoned that Armstrong was unlikely to succeed on the merits because absolute judicial immunity arguably protects these federal-judge defendants from suit for equitable relief in *Bivens* actions. Mem. Op. & Order filed Dec. 23, 2002, at 5-6. As we did in *Switzer v. Coan*, 261 F.3d 985, 990 n.9 (10th Cir. 2001), we express no opinion on this issue and rely for affirmance on Armstrong's failure to satisfy all of the other requirements needed to justify the grant of equitable relief.

-4-

Armstrong's motion to file a supplemental appendix is GRANTED.

Armstrong's motion for leave to proceed on appeal without prepayment of costs

or fees is DENIED, and Armstrong is directed to make immediate payment of the

balance of his appellate filing fee. The judgment of the district court is

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge