FILED
United States Court of Appeals
Tenth Circuit

August 28, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MONTGOMERY CARL AKERS,

Plaintiff - Appellant,

v.

SAM A. CROW, Federal Judge;
TIMOTHY M. O'BRIEN, Clerk, United
States District Court,

Defendants - Appellees.

No. 09-3064
(D. Ct. No. 5:09-CV-03037-RDR)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Mr. Akers is incarcerated at a federal facility in Florence, Colorado. On April 28,

2008, he filed a *Bivens* complaint in the District of Kansas against various federal

officers, alleging Fourth Amendment violations due to their reading of his private mail.

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He also sought leave to proceed in forma pauperis ("IFP"). The lawsuit was assigned to Judge Crow and given the case number of 5:08-cv-3106-SAC.

On February 17, 2009, Mr. Akers filed the complaint in the instant case, which was assigned to Judge Richard Rogers. The complaint sought to compel Judge Crow and clerk of the court Timothy M. O'Brien to take action on his IFP motion in case number 5:08-cv-3106-SAC. The next day, Judge Crow granted Mr. Akers's motion to proceed IFP in case number 5:08-cv-3106-SAC. On March 2, Judge Rogers dismissed Mr. Akers's complaint in the instant case and determined that the action was frivolous, thereby assessing a "strike" against Mr. Akers pursuant to 28 U.S.C. § 1915(g). The court noted that the defendants were likely immune from suit, the proper avenue to compel the defendants to act was through appellate review in case number 5:08-cv-3106-SAC or through a writ of mandamus, and Mr. Akers's claims were moot as he had been granted the relief he requested.

Mr. Akers appeals. We have jurisdiction under 28 U.S.C. § 1291. To the extent Mr. Akers challenges the reasons underlying the dismissal order, his appeal is moot. To the extent Mr. Akers takes issue with the district court's characterization of his complaint as frivolous and issuance of a "strike" against him on that basis, we agree with the district court that Mr. Akers's complaint presents a meritless legal claim. We therefore AFFIRM the district court's dismissal and its determination that the complaint is frivolous.

# I. DISCUSSION

Because Mr. Akers appears pro se, we must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). After carefully reviewing the record, it appears that Mr. Akers challenges the district court's justifications for dismissing his complaint. It also appears that Mr. Akers questions whether his complaint is legally frivolous and the district court's imposition of a "strike" against him; he seeks reinstatement of his complaint so that he may voluntarily dismiss it.

On the first point, because Mr. Akers has been granted the injunctive relief he sought in his complaint, there is no longer a justiciable "case or controversy." Therefore, we do not have jurisdiction to entertain his arguments regarding the district court's reasons for dismissing his complaint. *See Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) ("Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing.").

To the extent, however, that Mr. Akers challenges the district court's characterization of his complaint as frivolous and imposing a "strike" against him, we agree with the court that the complaint is wholly without merit. Equitable relief is unavailable when there is an adequate remedy at law. *See Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001). The district court correctly explained that Mr. Akers had an adequate legal remedy in the form of a mandamus action. *See Johnson v. Rogers*, 917

F.2d 1283, 1285 (10th Cir. 1990) ("mandamus will lie in a proper case to direct a subordinate Federal Court to decide a pending case") (quotations omitted).

According to 28 U.S.C. § 1915, the district court must dismiss a complaint that is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous or malicious" when it "is based on an indisputably meritless legal theory." *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992) (quotations omitted). Because there is no legal basis for an action in equity to compel a federal judge to act in a separate case, Mr. Akers's complaint was properly dismissed as frivolous.

## II. CONCLUSION

We AFFIRM the district court's dismissal of Mr. Akers's complaint as frivolous under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge

- 4 -