FILED
United States Court of Appeals
Tenth Circuit

February 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRUCE EDWARD PETERSON,

      Petitioner–Appellant,

v.

RAE TIMME; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents–Appellees.

No. 12-1436
(D.C. No. 1:11-CV-03003-RBJ)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

      Bruce Edward Peterson, a state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

petition for writ of habeas corpus, and seeks leave to proceed in forma pauperis ("IFP").

We deny a COA, deny the motion to proceed IFP, and dismiss the appeal.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Peterson is proceeding pro se, we construe his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009).

**I**

Peterson was convicted in Colorado state court of enticement of a child, attempted sexual assault, and indecent exposure. Peterson filed both a postconviction motion under Colo. R. Crim. P. 35(c) and a direct appeal. The Colorado Court of Appeals denied the Rule 35(c) motion and affirmed the conviction. Peterson petitioned the Colorado Supreme Court for writ of certiorari, which was denied on November 15, 2010.

In November 2011, Peterson filed a § 2254 habeas petition in the United States District Court for the District of Colorado. Peterson's petition alleged: (1) judicial misconduct by the trial court; (2) an unreasonable verdict unsupported by the evidence; and (3) ineffective assistance of counsel. On April 5, 2012, the district court dismissed Peterson's first two claims as procedurally barred after determining that Peterson failed to exhaust state remedies. The district court also ordered further briefing on the ineffective assistance of counsel claim.

In October 2012, the district court denied Peterson's ineffective assistance of counsel claim. Holding that Peterson's claims were conclusory and that they failed to show prejudice, the court issued a final judgment dismissing Peterson's habeas petition.

Peterson makes two arguments on appeal. He claims that the district court erred in dismissing his ineffective assistance of counsel claim and contends that the prosecution failed to disclose exculpatory evidence.

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a

COA. 28 U.S.C. § 2253(c)(1). We will grant a COA only if Peterson shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). To prevail on the merits, Peterson must demonstrate that the state court's adjudication of his claims either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

## A

Peterson contends that he was denied effective assistance of counsel at the trial level. Peterson claims that his attorney was unethical and inadequately prepared, did not call witnesses as requested by Peterson, had a conflict of interest, and failed to object to various allegedly improper aspects of his trial.

To establish ineffective assistance of counsel based on a conflict of interest, Peterson must show that "a conflict of interest actually affected the adequacy of his representation." Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980).

To establish ineffective assistance of counsel based on his other claims, Peterson must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Peterson must prove that his "counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's

performance [were] prejudicial to the defense." Id. at 688, 692. To establish prejudice, Peterson must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Colorado Court of Appeals concluded that Peterson had not met his burden under Strickland; under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), that result must be upheld "so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation omitted).

We agree with the district court that Peterson has failed to demonstrate ineffective assistance of trial counsel. First, Peterson has not established that a conflict of interest "actually affected the adequacy of his representation." Cuyler, 446 U.S. at 349. Peterson's conclusory allegation that there was a conflict of interest, without more, is insufficient. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Second, Peterson does not explain how his trial counsel's alleged three visits, failure to return his phone calls, and failure to object at trial prejudiced him such that there is a "reasonable probability" that the "result of the proceeding would have been different." Strickland, 466 U.S. at 694. Finally, we reject Peterson's claim that trial counsel's failure to call and subpoena witnesses and surveillance tapes constituted ineffective assistance of counsel because he has not asserted any specific exculpatory evidence that would have changed the outcome of his proceedings. Offering only "conclusory allegations without supporting factual averments," Hall, 935 F.2d at 1110, Peterson fails to overcome the

-4-

deference we owe to the state court's determination, see § 2254(d).

**B**

Peterson also argues that the prosecution failed to disclose exculpatory evidence, an argument he made in his habeas petition under the heading "judicial misconduct." The district court dismissed Peterson's judicial misconduct claim, holding that Peterson had failed to exhaust the argument in state court. However, the state court exhaustion requirement is satisfied if the issue has been "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). In his Rule 35(c) postconviction motion in state court, Peterson argued that the government failed to disclose exculpatory evidence. Therefore, we disagree with the district court that this claim is barred for lack of exhaustion; however, we dismiss it on other grounds.

To obtain federal habeas relief due to a claim that the prosecution suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), Peterson must demonstrate that: "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense." Hooks v. Workman, 689 F.3d 1148, 1179 (10th Cir. 2012) (quotation omitted). However, in elucidating his claim, Peterson merely asserts that at an evidentiary hearing he would subpoena various witnesses; he does not demonstrate that the prosecution suppressed evidence from these witnesses. Having failed to meet his burden under Brady, we reject Peterson's claim that the prosecution failed to disclose exculpatory evidence.

**III**

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. We also **DENY** Peterson's motion to proceed in forma pauperis because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge