**UNITED STATES COURT OF APPEALS**

July 30, 2015

**TENTH CIRCUIT**

BRUCE EDWARD PETERSON,

      Plaintiff - Appellant,

v.

RAE TIMME, F.C.F. Warden;
CYNTHIA COFFMAN, in her official
capacity as Colorado Attorney
General[*]; JOHN SUTHERS, former
Colorado Attorney General, in his
individual capacity; CITY AND
COUNTY OF DENVER CO.;
DENVER COUNTY POLICE
DEPARTMENT; RUDY
MANZANARES, Officer; TRAVIS
WILLIAMS, Detective; JOSEPH
RIVERA, Investigator; R. BROOKE
JACKSON, U.S. District Court Judge,

      Defendants - Appellees.

No. 15-1086
(D.C. No. 1:15-CV-00216-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

---

[*]       Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Cynthia
Coffman, in her official capacity as Colorado Attorney General, is automatically
substituted for John Suthers, former Colorado Attorney General, for purposes of
any official-capacity claims against the officeholder. Mr. Suthers remains as a
defendant in his individual capacity.

[**]       After examining the briefs and appellate record, this panel has
decided unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.
     This order and judgment is not binding precedent, except under the

(continued...)

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Pro se[1] prisoner Bruce Edward Peterson filed a civil-rights action against U.S. District Court Judge R. Brooke Jackson and other government entities, officers, and employees under 42 U.S.C. § 1983. Mr. Peterson alleged constitutional violations related to his prior state postconviction and federal habeas proceedings. The district court, reviewing Mr. Peterson's complaint for cognizable claims pursuant to 28 U.S.C. § 1915A, dismissed the complaint as legally frivolous. Mr. Peterson now appeals and moves for leave to proceed *in forma pauperis* ("IFP"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm**. We assess one "strike" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), and **grant** leave to proceed IFP on appeal.

---

[**] (...continued)
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Peterson appears pro se, we afford his filings a liberal construction, but we do not craft arguments or otherwise advocate for him. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010) ("Because Mr. Garza is proceeding pro se, we construe his filings liberally."); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although we liberally construe *pro se* filings, we do not 'assume the role of advocate' . . . . [or] 'excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citations omitted)).

# I

## A

Mr. Peterson is currently incarcerated in the Fremont Correctional Facility in Cañon City, Colorado. A Colorado jury convicted Mr. Peterson of enticement of a child, attempted sexual assault of a child, and indecent exposure. Mr. Peterson subsequently filed both a direct appeal and a motion for postconviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). The Colorado Court of Appeals affirmed his conviction and summarily denied his Rule 35(c) motion for postconviction relief. On November 15, 2010, the Colorado Supreme Court denied Mr. Peterson's petition for a writ of certiorari. Accordingly, his conviction and sentence became final on February 13, 2011—the date when Mr. Peterson's window for seeking review in the U.S. Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

## B

On November 17, 2011, Mr. Peterson filed a pro se application for federal habeas relief pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the District of Colorado. *See Peterson v. Timme*, No. 11-cv-03003-RBJ, 2012 WL 1144661 (D. Colo. Apr. 5, 2012). The Honorable R. Brooke Jackson presided over the case. Mr. Peterson alleged (1) judicial misconduct by the state trial court; (2) an unreasonable verdict unsupported by the evidence; and (3)

3

ineffective assistance of counsel.

The district court dismissed the first two claims as procedurally barred, finding that Mr. Peterson had failed to exhaust available state remedies, and ordered additional briefing with respect to his ineffective-assistance-of-counsel claim. *See id.* at *4. As to that claim, the court subsequently concluded that Mr. Peterson had failed to allege the requisite prejudice and had offered only conclusory allegations that were insufficient to overcome the deference owed to the state-court decision under § 2254(d). *See Peterson v. Timme*, No. 11-cv-03003-RBJ, 2012 WL 4815842, at *9 (D. Colo. Oct. 10, 2012). Accordingly, it dismissed Mr. Peterson's § 2254 petition with prejudice. *See id.*

Mr. Peterson sought a certificate of appealability ("COA") from this court. *See Peterson v. Timme*, 509 F. App'x 830 (10th Cir. 2013). He argued (1) that the district court erred in dismissing his ineffective-assistance-of-counsel claim, and (2) that the prosecution failed to disclose exculpatory evidence (an argument that Mr. Peterson previously raised, *supra*, under the heading of "judicial misconduct")—i.e., a *Brady* claim.[2]

---

[2]  In *Brady v. Maryland*, 373 U.S. 83 (1963), the U.S. Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. "To establish a *Brady* violation, a defendant must demonstrate that '(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense.'" *Hooks v. Workman*, 689 F.3d 1148, 1179 (10th Cir. 2012) (quoting *United States v. Wooten*, 377 F.3d 1134,

(continued...)

4

We agreed with the district court that Mr. Peterson had failed to satisfy the necessary standards to demonstrate ineffective assistance of counsel. *See id.* at 832. In light of his Rule 35(c) motion for postconviction relief, however, in which Mr. Peterson had argued that the prosecution failed to disclose exculpatory evidence, we disagreed with the district court's conclusion that his *Brady* claim was barred due to his failure to exhaust state remedies. *See id.* at 832–33. Nevertheless, because he had failed to demonstrate that the prosecution suppressed any evidence, we concluded that Mr. Peterson had failed to meet his burden under *Brady*. Accordingly, we denied a COA and dismissed the appeal. *See id.* at 833.

## C

Following the dismissal of his federal habeas appeal, Mr. Peterson filed the instant civil-rights action under 42 U.S.C. § 1983. He asserted claims against the following defendants, in both their official and individual capacities where possible: (1) Rae Timme, Warden, Fremont Correctional Facility; (2) John Suthers, former Colorado Attorney General[3]; (3) the City and County of Denver;

---

[2](...continued)
1142 (10th Cir. 2004)).

[3] Cynthia Coffman is the current Colorado Attorney General. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Ms. Coffman is automatically substituted for Mr. Suthers in her official capacity as Colorado Attorney General. Our substitution of Ms. Coffman for Mr. Suthers affects only the official-capacity allegations. Accordingly, Mr. Suthers remains as a defendant in his individual
(continued...)

5

(4) the Denver County Police Department; (5) Officer Rudy Manzanares; (6) Detective Travis Williams; (7) Investigator Joseph Rivera; and (8) U.S. District Court Judge R. Brooke Jackson.  He seeks money damages, unspecified injunctive relief from Judge Jackson, and a hearing on the issues raised in his state-court Rule 35(c) motion for postconviction relief.

The complaint alleges due-process violations and general defects in Mr. Peterson's state postconviction and federal habeas proceedings.  First, Mr. Peterson argues that the district court violated his right to due process when it erroneously found that his *Brady* claim was procedurally barred for failure to exhaust state remedies.  Second, he claims that the state defendants violated his right to due process by denying state postconviction relief.  Third, he generally challenges the final judgment entered by the district court denying federal habeas relief and accuses Judge Jackson of bias.

The district court granted Mr. Peterson leave to proceed IFP under 28 U.S.C. § 1915.  Because Mr. Peterson is a prisoner seeking redress from government entities and their officers or employees, the court reviewed the complaint for cognizable claims pursuant to § 1915A.  It first observed that Mr. Peterson had failed to allege facts sufficient to demonstrate the personal

---

[3](...continued)
capacity.  *See Raymond v. Moyer*, 501 F.3d 548, 549 n.1 (6th Cir. 2007); *see also Griffin v. Hickenlooper*, 549 F. App'x 823, 823 nn.* & ** (10th Cir. 2013); *Hornsby v. Jones*, 188 F. App'x 684, 684 n.* (10th Cir. 2006).

participation of any defendant other than Judge Jackson in any constitutional violation and dismissed the claims against those defendants as legally frivolous.

The court proceeded to find that the claims against Judge Jackson were legally frivolous as well. It reasoned that an adverse ruling in prior litigation cannot serve as the basis for a § 1983 claim against a judge and that any argument that Mr. Peterson's federal habeas action was dismissed in error should have been raised on appeal. Even if Mr. Peterson could state an arguable claim, the court found that Judge Jackson would be entitled to absolute judicial immunity from liability for money damages. And, to the extent Mr. Peterson sought relief other than money damages, including an additional hearing on issues raised in his postconviction proceedings, the court explained that such relief would be inappropriate in this action.

Accordingly, the district court dismissed the complaint as legally frivolous. It certified pursuant to § 1915(a)(3) that any appeal from the court's order would not be taken in good faith and denied IFP status for the purpose of appeal. Mr. Peterson timely appealed and filed a motion in this court for leave to proceed IFP. On appeal, Mr. Peterson generally renews each of the three arguments raised under § 1983 in the complaint.

## II

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "However, where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Fogle*, 435 F.3d at 1259; *see also Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) ("Dismissal for failure to state a claim is a legal question we review de novo."). Thus, we review de novo the district court's determination that Mr. Peterson failed to state an arguable claim for relief.

## A

We first address the claims against all defendants other than Judge Jackson. As the district court observed, Mr. Peterson has failed to allege any facts to suggest that these defendants personally participated in any constitutional violation. "But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be

8

based on personal involvement in the alleged constitutional violation.").  Because Mr. Peterson has failed to allege the personal involvement of any defendant other than Judge Jackson, he has failed to state a claim against these defendants. Accordingly, we affirm the district court's dismissal of these claims.

**B**

We next turn to address the claims against Judge Jackson.  Although Mr. Peterson alleges that the judge personally participated in constitutional violations, these claims are largely precluded by the doctrines of sovereign and judicial immunity.  Sovereign immunity divests the court of jurisdiction to entertain any official-capacity claims against Judge Jackson.  Judicial immunity shields the judge from any individual-capacity claims for money damages, and injunctive relief is unavailable because Mr. Peterson complains of acts that were subject to appellate review.  Thus, Mr. Peterson has failed to state a claim against Judge Jackson upon which relief may be granted.

As an initial matter, § 1983 is not an appropriate vehicle to bring claims against a federal official in his or her official capacity.  Section 1983 confers a federal remedy for the violation of a right secured by the Constitution and laws of the United States by a person acting "under color of any statute, ordinance, regulation, custom, or usage[] *of any State or Territory or the District of Columbia*."  42 U.S.C. § 1983 (emphasis added).  Because § 1983 only authorizes suits alleging wrongful action under color of state or territorial law, it cannot be

9

invoked to bring official-capacity claims against federal defendants. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."); *see also Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (noting that § 1983 is "applicable only to actions by state and local entities, not by the federal government"); *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (same).

In any event, even if Mr. Peterson had a proper legal footing for bringing an official-capacity claim against Judge Jackson (which he does not), he would confront a significant—and ultimately insurmountable—obstacle: that is, sovereign immunity. An action against a federal official in his official capacity is actually a suit against the sovereign—the United States. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Ordinarily, federal courts lack jurisdiction to entertain such claims in accordance with principles of sovereign immunity. *See Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) ("[C]laims of sovereign immunity implicate our jurisdiction . . . ."); *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("In general, federal agencies and officers acting in their official capacities

10

are also shielded by sovereign immunity.").

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Thus, a party seeking to bring a claim against a federal official acting in his or her official capacity—and therefore, as a matter of law, against the United States—must identify a specific waiver of immunity in order to establish jurisdiction. *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

Even affording the complaint a liberal construction, Mr. Peterson has failed to identify any such waiver of immunity. Accordingly, sovereign immunity deprives federal courts of jurisdiction to entertain any of Mr. Peterson's claims against Judge Jackson in his official capacity. *See Smith v. Krieger*, 389 F. App'x 789, 795 (10th Cir. 2010) (explaining that the plaintiff bears the burden of identifying a specific waiver of sovereign immunity in order to bring official-capacity claims against a federal district court judge).

Insofar as Mr. Peterson alleges claims against Judge Jackson in his *individual* capacity, § 1983 is also not an appropriate vehicle to sue a federal judge. Instead, we may consider individual-capacity claims against federal

11

defendants for alleged constitutional violations under the framework set forth in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Sickle v. Holloway*, 791 F.2d 1431, 1435 n.4 (10th Cir. 1986) ("42 U.S.C. § 1983 applies to persons acting under color of state or territorial law; it does not, however, authorize redress against federal officials who act under federal law. Consequently, allegations against federal officials are considered under a *Bivens* theory." (citations omitted)); *see also Dry*, 235 F.3d at 1256 (construing § 1983 claims against federal defendants as *Bivens* claims). Accordingly, affording Mr. Peterson's filing a liberal interpretation, we elect to construe his individual-capacity § 1983 allegations against Judge Jackson as *Bivens* claims.

To the extent that Mr. Peterson seeks money damages, the doctrine of judicial immunity precludes recovery. This is because the gravamen of Mr. Peterson's concerns relates to Judge Jackson's judicial conduct in resolving his habeas petition and there is no basis for believing that Judge Jackson was without jurisdiction to render his decision on the petition. Thus, Judge Jackson is entitled to judicial immunity from claims for money damages. *See Van Sickle*, 791 F.2d at 1435–36 ("Judges of courts of limited jurisdiction are immune from civil liability when they act within their jurisdiction."); *see also Armstrong v. Boulden*, 101 F. App'x 773, 775 (10th Cir. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

12

Insofar as Mr. Peterson seeks injunctive relief, the immunity issue is admittedly more complicated. In this regard, although we previously stated that a plaintiff may obtain an injunction against a state judge under § 1983, *see Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995) (citing *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984)), *superseded by statute*, Fed. Courts Improvement Act of 1996, Pub. L. No. 104–317, 110 Stat. 3847 (1996), *as recognized in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011), "those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable,'" *Knox*, 632 F.3d at 1292 (alteration in original) (quoting 42 U.S.C. § 1983).

The immunities provided to federal officials in *Bivens* actions are generally coextensive with those provided to state officials in § 1983 actions. *See Butz v. Economou*, 438 U.S. 478, 504 (1978); *accord Van Sickle*, 791 F.2d at 1435. However, whether federal judges are entitled to absolute immunity from *Bivens* claims for injunctive relief appears to remain an open question in this circuit. *See Switzer v. Coan*, 261 F.3d 985, 990 n.9 (10th Cir. 2001); *see also Armstrong*, 101 F. App'x at 775 n.1; *Akers v. Crow*, No. 09-3037-RDR, 2009 WL 512335, at *2 (D. Kan. Mar. 2), *aff'd*, 343 F. App'x 319 (10th Cir. 2009); *Mehdipour v. Purcell*, 173 F. Supp. 2d 1165, 1166–67 (W.D. Okla. 2001), *aff'd sub nom. Mehdipour v. Okla. Court of Civil Appeals*, 62 F. App'x 203 (10th Cir. 2003).

13

There is at least a colorable argument that Judge Jackson is entitled to absolute immunity from such claims. *See Mehdipour*, 173 F. Supp. 2d at 1167 ("Without any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits, this court holds that federal judges are absolutely immune from equitable relief under *Bivens*."); *see also Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001); *Bolin v. Story*, 225 F.3d 1234, 1240–42 (11th Cir. 2000); *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1391–94 (9th Cir. 1987). However, Mr. Peterson has not demonstrated an entitlement to injunctive relief in any event; therefore, we need not definitively answer this immunity question.

Mr. Peterson claims that Judge Jackson violated his constitutional rights in connection with the denial of his federal habeas application, notably with respect to Judge Jackson's denial of Mr. Peterson's ineffective-assistance-of-counsel claim. Because Mr. Peterson complains of acts that were or could have been the subject of appellate review, he has had an adequate remedy at law that precludes a grant of equitable relief now.[4] *See Switzer*, 261 F.3d at 990–91; *see also Armstrong*, 101 F. App'x at 775; *Bolin*, 225 F.3d at 1242–43; *Hill v. Traxler*, No. 13-1037, 2013 WL 4580456, at *1 (D.D.C. July 9), *aff'd*, 550 F. App'x 1 (D.C.

---

[4] It is the *availability* of appellate review that precludes equitable relief, regardless of whether a litigant elects to pursue an appeal. In this case, Mr. Peterson availed himself of his right to appellate review by unsuccessfully pursuing a COA in this court.

Cir. 2013); *Akers*, 2009 WL 512335, at *2; *Koskella v. Zimmer*, No. CIV-07-533-R, 2007 WL 4302923, at *4 (D. Utah Dec. 6, 2007); *Mehdipour*, 173 F. Supp. 2d at 1167.

In sum, even afforded a liberal construction, it is thus patent that the complaint presents no cognizable claims with respect to Judge Jackson or any other defendant. Accordingly, we affirm the district court's dismissal of the complaint.

## C

"Under the PLRA, prisoners obtain a 'strike' against them for purposes of future [IFP] eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (omissions in original) (quoting 28 U.S.C. § 1915(g)). When prisoners accumulate three "strikes," they ordinarily must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998). The "only exception" to the prepayment requirement of § 1915(g) is where an inmate who has accumulated three strikes raises "a credible allegation that he is in imminent danger of serious physical harm." *Id.*

We assess one "strike" under the PLRA in connection with Mr. Peterson's instant § 1983 action. The district court's dismissal of the complaint as legally

frivolous constitutes a "strike." *See Hafed*, 635 F.3d at 1177; *Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Our affirmance of that dismissal here, however, does not constitute an additional "strike." *See Jennings*, 175 F.3d at 780 ("[Only i]f we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B)[ do] both dismissals count as strikes."); *see also Malek v. Reding*, 195 F. App'x 714, 716 (10th Cir. 2006). This strike will count against Mr. Peterson "from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari," if he files one, "or from the date when the time to file a petition for writ of certiorari expire[s]," if he does not. *Hafed*, 635 F.3d at 1175.

### III

In sum, we **AFFIRM** the district court's dismissal of Mr. Peterson's complaint and, consequently, assess one "strike" under the PLRA. We do, however, **GRANT** Mr. Peterson leave to proceed IFP on appeal.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

16